**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID I. DELENA, JR., CDCR #AL8117 | Case No.:  3:23-cv-0345-JAH-WVG |
| Plaintiff, | **ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND** |
| vs. | |
| GEORGE LARA, K. MACK, | **(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)** |
| Defendants. | |

## I.      INTRODUCTION

On February 17, 2023, David I. Delena, Jr. ("Plaintiff" or "Delena"), a state inmate proceeding *pro se* filed a civil rights action pursuant to 42 U.S.C. § 1983, along with an application to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. On March 9, 2023, the Court denied Delena's IFP motion because he failed to include a certified copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement in support of his motion. *See* ECF No. 3 at 2 (citing 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2). The Court gave Plaintiff an additional 45 days to file a complete IFP motion and he did so on March 27, 2023. ECF No. 4. For the reasons discussed below, the Court grants

1

1  Plaintiff's IFP motion and dismisses the Complaint without prejudice and with leave to
2  amend.

3                    **II.    MOTION TO PROCEED IFP**

4          All parties instituting any civil action, suit or proceeding in a district court of the
5  United States, except an application for writ of habeas corpus, must pay a filing fee of
6  $402.[1] *See* 28 U.S.C. § 1914(a). A party may initiate a civil action without prepaying the
7  required filing fee if the Court grants leave to proceed IFP based on indigency. 28 U.S.C.
8  § 1915(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

9          To proceed IFP, plaintiffs must establish their inability to pay by filing an affidavit
10 regarding their income and assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th
11 Cir. 2015). Prisoners seeking to establish an inability to pay must also submit a "certified
12 copy of the [prisoner's] trust fund account statement (or institutional equivalent) for . . .
13 the 6-month period immediately preceding the filing of the complaint." 28 U.S.C.
14 § 1915(a)(2). From the certified trust account statement, the Court assesses an initial
15 payment of 20% of (a) the average monthly deposits in the account for the past six months,
16 or (b) the average monthly balance in the account for the past six months, whichever is
17 greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1) & (4). Prisoners
18 who proceed IFP must repay the entire fee in installments regardless of whether their action
19 is ultimately dismissed. 28 U.S.C. § 1915(b)(2); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).

20         In support of his motion, Plaintiff has provided a copy of his trust account statement.
21 ECF No. 4 at 9. During the six months prior to filing suit, Plaintiff had an average monthly
22 balance of $0.97, average monthly deposits of $3.00, and an available account balance of
23 $0.01 at the time he filed suit. *Id*. The Court finds Plaintiff has established an inability to
24 pay the $350 filing fee and **GRANTS** his IFP motion. While the Court will not assess an

25 _____

26
27 [1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of
   $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee
28 Schedule, § 14 (eff. Dec. 1, 2021)). The additional $52 administrative fee does not apply to
   persons granted leave to proceed IFP. *Id*.

1   initial payment, Plaintiff will be required to pay the full $350 filing fee in installments, to

2   be collected from his trust account as set forth in 28 U.S.C. § 1915(b)(2).

3   **III.   SCREENING PURSUANT TO 28 U.S.C. § 1915(e) AND § 1915A(b)**

4   **A.   Legal Standards**

5   Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), the Court must screen a

6   prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous,

7   malicious, fails to state a claim, or seeks damages from defendants who are immune. *See*

8   *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*,

9   621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has

10  failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the

11  same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."

12  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a

13  complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible

14  on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

15  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements

16  of a cause of action, supported by mere conclusory statements, do not suffice" to state a

17  claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-

18  harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.; *see also Moss*

19  *v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

20  Title 42 U.S.C. § 1983 "creates a private right of action against individuals who,

21  acting under color of state law, violate federal constitutional or statutory rights." *Devereaux*

22  *v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of

23  substantive rights, but merely provides a method for vindicating federal rights elsewhere

24  conferred." *Graham v. Connor*, 40 U.S. 386 U.S. 386, 393–94 (1989) (internal quotation

25  marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation

26  of a right secured by the Constitution and laws of the United States, and (2) that the

27  deprivation was committed by a person acting under color of state law." *Tsao v. Desert*

28  *Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.      Plaintiff's Allegations**

In his Complaint, Delena states that while he was an inmate at Centinela State Prison ("CEN") he participated in the CDCR's vocational training program. ECF No. 1 at 3. Delena had been a student in the welding program since 2016. When welding, Delena and other students were required to wear their state-issued CDCR clothing, including pants that are made from a cotton and polyester blend fabric. *Id.* Delena contends the polyester blend pants were unsafe for welding. Delena references the "NCCER welding book,"[2] which purportedly instructs welders to wear "clothing [that] offer[s] protection from flying sparks, heat and ultraviolet radiation." *Id.* Delena states the NCCER guidelines advise welders to "never wear polyester or other synthetic fibers [because] sparks will melt these materials, causing serious burns." *Id.* Instead, welders are advised to wear wool or cotton clothing. *Id.* Delena raised the "issue of safe clothing and other safe practices" with K. Mack, the supervisor of the vocational program and G. Lara, the program instructor. Despite Delena's complaint, however, Mack and Lara failed to provide welding students with protective clothing. *Id.*

On December 7, 2021, Delena was performing a welding assignment when his pants caught fire. Delena sustained "severe second-degree burns" to his left leg, from the top of his knee to below his calf, when his polyester blend pants "melted to [his] leg." *Id.* After Delena's injury, he filed an administrative grievance. CDCR subsequently "provided leather coverings" for welding students. *Id.*

**C.      Discussion**

Delena asserts Defendants Lara and Mack violated his Eighth Amendment rights when they failed to issue him protective clothing for use when welding, resulting in his burn injury. ECF No. 1 at 3. He seeks money damages as well as an injunction requiring CDCR welding students be provided with adequate safety equipment. *Id.* at 7.

---

[2] NCCER appears to stand for National Center for Construction Education and Research. *See* https://www.nccer.org/craft-catalog/welding/ (visited June 20, 2023).

1    The Eighth Amendment prohibits the imposition of cruel and unusual punishments.

2    *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). To that end, prison officials are required to

3    take "reasonable measures to guarantee the safety" of inmates. *Farmer v. Brennan*, 511

4    U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). An Eighth

5    Amendment claim against a prison official must meet two requirements, one subjective

6    and one objective. *Farmer*, 511 U.S. at 834, 837.

7    First, the deprivation alleged must be, objectively, "sufficiently serious." *Id.* at 834.

8    When a claim is based on a failure to prevent harm, this means "the inmate must show that

9    he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* Second,

10   under the subjective requirement, the inmate must show the prison official acted with

11   "deliberate indifference" to his safety. *Id.* at 837. This requires a showing the defendant

12   acted with a "sufficiently culpable state of mind." *Id.* "[I]t is not enough that the official

13   objectively should have recognized the danger but failed to do so." *Jeffers v. Gomez*, 267

14   F.3d 895, 914 (9th Cir. 2001) (citing *Farmer*, 511 U.S. at 838). "[T]he official must both

15   be aware of facts from which the inference could be drawn that a substantial risk of harm

16   exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Thus, even if a

17   prison official "should have been aware of the risk," if he or she was not, "then the official

18   has not violated the Eighth Amendment, no matter how severe the risk." *Id.* at 834.

19   Here, even assuming Delena has sufficiently pleaded that Defendants' failure to

20   provide protective clothing created a "substantial risk of serious harm," he has failed to

21   state a claim because he has not sufficiently alleged Lara and Mack acted with "deliberate

22   indifference." Specifically, Delena has failed to plausibly allege Lara and Mack acted with

23   "sufficiently culpable state[s] of mind" when they declined to provide more protective

24   clothing. *See id.* at 837. This requires the conduct involve more than mere negligence.

25   *Simmons v. Arnett*, 47 F.4th 927, 934 (9th Cir. 2022) (stating that to establish deliberate

26   indifference a plaintiff must show defendants "acted with 'subjective recklessness,'

27   analogous to how that phrase is used in criminal law") (citing *Farmer*, 511 U.S. at 839).

28   And in the context of failure to address a purported safety hazard, the Ninth Circuit has

5

1  held an inmate must not only show a hazardous condition posing a threat to his safety, but

2  also some additional condition exacerbating that threat. *Morgan v, Morgenson*, 465 F.3d

3  1041, 1047 (9th Cir. 2006) (concluding hazard exacerbated when prison official compelled

4  inmate to continue working with dangerously defective equipment).

5       Here, while Delena states he brought the "issue of safe clothing. . . to the attention

6  of [Lara and Mack]" at some point prior to his injury, he has not sufficiently alleged he

7  was compelled to participate in the welding program thereafter. *See id.* Nor has Delena

8  provided specific facts to plausibly allege Lara and Mack were actually aware that having

9  inmates in the welding program wear their state-issued clothing could result in serious

10 injury. *See Farmer*, 511 U.S. at 837. Delena states only that he raised the issue of "safe

11 clothing" with them, and as such it is not clear Defendants were aware of precise risk posed

12 by the clothing worn by inmates. Furthermore, while such an isolated workplace accident

13 could demonstrate negligence, as currently pleaded, it does not rise to the level of deliberate

14 indifference. *See Bowie v. Procunier*, 808 F.2d 1142, 1143 (5th Cir. 1987) (per curiam)

15 (affirming dismissal of complaint alleging failure to provide adequate safety equipment

16 where a piece of bark put out one of the inmate-plaintiff's eyes while chopping wood);

17 *Stephens v. Johnson*, 83 F.3d 198, 201 (8th Cir. 1996) (concluding failure to provide

18 protective equipment or install safety devices, despite knowledge of prior injuries,

19 constituted mere negligence rather than deliberate indifference); *see also Howard v.*

20 *Hedgpeth*, 08-cv-0859-RTB, WL 386980, at *11 (E.D. Cal. Feb. 3, 2011) ("not every

21 deviation from ideally safe conditions amounts to a constitutional violation") (quoting

22 *Hoptowit v. Spellman*, 753 F.2d 779, 784 (9th Cir. 1985)). Thus, as currently pleaded,

23 Delena has failed to plausibly allege Lara and Mack acted with deliberate indifference and

24 as such, he fails to state an Eight amendment claim against them. *Farmer*, 511 U.S. at 834,

25 837.

26      For the reasons discussed above, the Court dismisses Plaintiff's Eighth Amendment

27 claims against Defendants Lara and Mack without prejudice. *See* 28 U.S.C.

28 §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Iqbal*, 556 U.S. at 678; *Lopez*, 203 F.3d at 1126–27.

**D.      Leave to Amend**

Given Plaintiff's pro se status, the Court grants him leave to amend to attempt to sufficiently allege a claim if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quote marks omitted).

## IV.      CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

1.      **GRANTS** Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2.      **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST CLEARLY IDENTIFY THE NAME AND CASE NUMBER ASSIGNED TO THIS ACTION.

3.      **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, by U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4.      **DISMISSES** the Complaint without prejudice and with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

5.      **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order. Plaintiff's Amended Complaint must be complete by itself without reference to any previous version of his pleading; Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed

with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"); *Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). If Plaintiff fails to timely amend, the Court will enter a final Order dismissing this civil action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED.**

Dated: June 22, 2023

_____
John A. Houston
United States District Judge