UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID I. DELENA, JR., CDCR #AL8117,<br><br>                              Plaintiff,<br><br>vs.<br><br>GEORGE LARA, K. MACK,<br><br>                              Defendants. | Case No.: 3:23-cv-0345-JAH-AHG<br><br>**ORDER: (1) DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 8) AND**<br><br>**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF THE FIRST AMENDED COMPLAINT AND SUMMONS PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIV. P. 4(c)(3)** |

## I. INTRODUCTION

On February 17, 2023, David I. Delena, Jr. ("Plaintiff" of "Delena"), a state inmate proceeding *pro se* filed a civil rights action pursuant to 42 U.S.C. § 1983, along with an application to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. On March 9, 2023, the Court denied Delena's IFP motion because it lacked sufficient support. ECF No. 3. Plaintiff subsequently filed a complete IFP motion (ECF No. 3) and on June 22, 2023, the Court granted Plaintiff's IFP motion and dismissed the original Complaint without prejudice for failure to state a claim. ECF No. 5. The Court notified Plaintiff that in order to proceed, he must file a First Amended Complaint ("FAC") within 45 days. ECF No. 5. On August 7,

2023, Plaintiff timely filed an FAC. ECF No. 7. He filed a Motion for Appointment of Counsel on August 30, 2023. ECF No. 8.

## II.     MOTION FOR APPOINTMENT OF COUNSEL

In his Motion for Appointment of Counsel, Plaintiff states he is indigent and seeks counsel to "help him with the legal paperwork and processes." *Id.* at 3. He states he has attempted to obtain counsel by placing calls to various attorneys but none have responded. *Id.*

There is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015) (quoting *Palmer*, 560 F.3d at 970).

Plaintiff has failed to demonstrate a likelihood of success or the legal complexity required to support the appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1). *See Terrell*, 935 F.3d at 1017; *Palmer*, 560 F.3d at 970. First, while Plaintiff may not be formally trained in the law he appears capable of legibly articulating the facts and circumstances relevant to his claims which are not legally "complex." *Agyeman*, 390 F.3d at 1103. Second, it is simply too soon to tell whether he will be likely to succeed on the merits of any potential constitutional claim against any of the defendants. *Id.* Finally, to the extent Plaintiff asserts his detention makes it necessary for counsel, a lack of legal training and limited access to the law library, are issues common to many prisoners and do not amount to exceptional circumstances. *See, e.g., Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990).

Based on the foregoing, the Court finds no "exceptional circumstances" currently exist and **DENIES** Plaintiff's Motion to Appoint Counsel without prejudice.

### III.   SCREENING PURSUANT TO 28 U.S.C. § 1915(e) AND § 1915A(b)

#### A.   Legal Standards

Plaintiff's FAC requires a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"The standard for determining whether [a] Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux*

*v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 40 U.S. 386 U.S. 386, 393–94 (1989) (internal quotation marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B.  Plaintiff's Allegations

In his FAC, Delena states he has been an inmate participant in the California Department of Corrections and Rehabilitation ("CDCR") welding program since 2016. ECF No. 7 at 3. While an inmate at Centinela State Prison ("CEN") Delena participated in the CDCR's welding program, which was instructed by G. Lara and supervised by K. Mack. *Id*.

As the welding instructor, Lara periodically gave one-hour lectures to students regarding the process of welding and safety practices. *Id.* The lectures were consistent with information contained in the NCCER[1] book on welding. Delena states that during the safety lectures, students referred to the NCCER book, "discussed safety equipment," and referenced photos contained in the NCCER book depicting "graphic" injuries caused by failure to follow proper safety protocols, including the specific "dangers of wearing . . . polyester blend pants." *Id.*

Despite the NCCER-recommended safety guidelines, Delena and other students were required to wear their state-issued CDCR clothing, including pants that are made from a cotton and polyester blend fabric. *Id.* Plaintiff raised the safety issue with Lack on at least three occasions. *Id.* at 5. On one of those occasions, Lara acknowledged "the dangers of wearing polyester pants" but said inmates were obligated to participate in the program or

---

[1] NCCER appears to stand for National Center for Construction Education and Research. *See* https://www.nccer.org/craft-catalog/welding/ (visited June 20, 2023).

be "writte[n] up" and dropped from the class. *Id.*

K. Mack was the supervisor of the vocational welding program at CEN. *Id.* at 6. As part of his duties, he attended quarterly meetings with student representatives from the program. As the student representative for the welding program, Delena attended the meetings and "brought up the issues of [the CDCR-issued] pants being unsafe" for welding. *Id.* at 6. Subsequently, Mack referred to Delena as "the inmate who complains." *Id.* at 7. Inmates in the welding program continued to be required to wear their polyester-blend pants because failure to do so would result in them being written up and dropped from the program. *Id.*

On December 7, 2021, Delena was performing a welding assignment when his pants caught fire. Delena sustained "severe second-degree burns" to his left leg, from the top of his knee to below his calf, when his polyester blend pants "melted to [his] leg." *Id.* at 3. After Delena's injury, he filed an administrative grievance. CDCR subsequently "provided leather coverings" for welding students. *Id.*

Delena asserts Defendants Lara and Mack violated his Eighth Amendment rights when they failed to issue protective clothing for use when welding, despite knowing the dangers, resulting in his burn injury. ECF No. 7 at 2. He seeks money damages as well as an injunction requiring CDCR welding students be provided with adequate safety equipment. *Id.* at 10.

**C.    Discussion**

The Eighth Amendment prohibits the imposition of cruel and unusual punishments. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). To that end, prison officials are required to take "reasonable measures to guarantee the safety" of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).

An Eighth Amendment claim against a prison official must meet two requirements, one subjective and one objective. *Farmer*, 511 U.S. at 834, 837. First, the deprivation alleged must be, objectively, "sufficiently serious." *Id.* at 834. When a claim is based on based on a failure to prevent harm, this means "the inmate must show that he is incarcerated

under conditions posing a substantial risk of serious harm." *Id.* Second, under the subjective requirement, the inmate must show the prison official acted with "deliberate indifference" to his safety. *Id*. at 837. This requires a showing the defendant acted with a "sufficiently culpable state of mind." *Id*. "[I]t is not enough that the official objectively should have recognized the danger but failed to do so." *Jeffers v. Gomez*, 267 F.3d 895, 914 (9th Cir. 2001) (citing *Farmer*, 511 U.S. at 838). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Thus, even if a prison official "should have been aware of the risk," if he or she was not, "then the official has not violated the Eighth Amendment, no matter how severe the risk." *Id.* at 834.

Based on the allegations in the FAC, the Court finds Plaintiff has sufficiently stated a claim against Defendants Lara and Mack, such that an answer is required. *See Wallis v. Baldwin*, 70 F.3d 1074, 1076–77 (9th Cir. 1995) (finding deliberate indifference where defendants required inmates to clean from attic material known to contain dangerous asbestos without protective gear demonstrated deliberate indifference); *Morgan v. Morgensen*, 465 F.3d at 1044, 1046 (affirming denial of defendant's motion for summary judgment on Eighth Amendment claim in case brought by prisoner whose thumb was torn off by a printing press that was known to have loose chains that "caused the press to buck and shake"); *Carr v. California Dep't of Corr. & Rehab.*, No. 17cv-01769-DAD-SAB, 2018 WL 2106482, at *3 (E.D. Cal. May 7, 2018) (finding inmate stated a claim sufficient to survive screening where the plaintiff alleged the defendant threatened him with discipline or termination if he did not manually perform his work assignment, despite obvious safety concerns, and plaintiff was injured as a result); *Rogers v. Rodriguez*, No. 18-cv-0846-JLT-PC, 2019 WL 4917536, at *4 (E.D. Cal. Oct. 4, 2019) (finding plaintiff stated a plausible claim against prison officer who refused to provide him with proper safety gear (to wit, rubber boots) before forcing him to work in the freezer); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ("A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional

deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.").

## IV. CONCLUSION AND ORDER

For the reasons set forth above, the Court:

1. **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 8) without prejudice.

2. **DIRECTS** the Clerk to issue a summons as to the First Amended Complaint (ECF No. 7) upon Defendants Lara and Mack and forward it to Plaintiff along with blank U.S. Marshal Form 285s for Defendants Lara and Mack. In addition, the Clerk will provide Plaintiff with a certified copy this Order, a certified copy of his First Amended Complaint, and the summons so that he may serve Defendants Lara and Mack. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, include addresses where the Defendants may be found and/or subject to service pursuant to S.D. Cal. CivLR 4.1c., and return them to the U.S. Marshal according to the instructions the Clerk provides.

3. **ORDERS** the U.S. Marshal to serve a copy of the First Amended Complaint and summons upon the Defendants Lara and Mack as directed by Plaintiff on the USM Form 285s provided, and to file executed waivers of personal service upon Agular with the Clerk of Court as soon as possible after their return. Should Defendants fail to return the U.S. Marshal's request for waiver of personal service within 90 days, the U.S. Marshal shall instead file the completed Form USM 285 Process Receipt and Return with the Clerk of Court, include the date the summons, First Amended Complaint, and request for waiver was mailed to Defendants, and indicate why service upon that party remains unexecuted. All costs of U.S. Marshal service will be advanced by the United States; however, *if Defendant is located within the United States and fails, without good cause, to sign and return the waiver requested by the Marshal on Plaintiff's behalf, the Court will impose upon Defendant any expenses later incurred in making personal service.* See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3), (d)(2).

4.     **ORDERS** Defendants, once served, to reply to Plaintiff's Amended Complaint, *and any subsequent pleading he may file in this matter in which they are named as parties*, within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a) and 15(a)(3).  *See* 42 U.S.C. § 1997e(g)(2) (while Defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendant is required to respond).

5.     **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants Lara and Mack, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2.

Dated: October 23, 2023

                                                         John A. Houston
                                                         United States District Judge