UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID I. DELENA, JR., CDCR #AL8117,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>GEORGE LARA, K. MACK,<br><br>　　　　　　　　　Defendants. | Case No.:  3:23-cv-00345-JAH-VET<br><br>**ORDER DENYING**<br><br>(1) **MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION REPLY AND APPOINTMENT OF COUNSEL (DOC. NO. 16) AND**<br><br>(2) **MOTION FOR APPOINTMENT OF COUNSEL (DOC. NO. 19)**<br><br>[Doc. Nos. 16 and 19] |

**I.　　INTRODUCTION**

On February 17, 2023, Plaintiff David I. Delena, Jr., a state inmate proceeding *pro se* and *in forma pauperis*, filed a civil rights action pursuant to 42 U.S.C. § 1983 against Defendants George Lara and K. Mack. Doc. No. 1. Before the Court are Plaintiff's motions for (i) an extension of time to reply to Defendants' Answer, including a request for

1

3:23-cv-00345-JAH-VET

appointment of counsel, filed on February 1, 2024, and (ii) appointment of counsel, filed on February 26, 2024. Doc. Nos. 16, 19.

For the reasons set forth below, the Court **DENIES AS MOOT** Plaintiff's motion for an extension and **DENIES WITHOUT PREJUDICE** Plaintiff's requests for appointment of counsel.

## II.   REQUEST FOR EXTENSION OF TIME TO FILE REPLY

On August 7, 2023, Plaintiff filed an Amended Complaint with leave of Court. Doc. Nos. 5, 7. On January 8, 2024, Defendants filed an Answer to the Amended Complaint. Doc. No. 14. On February 1, 2024, Plaintiff requested an extension of time to reply to Defendants' Answer, including a request for the "paperwork" to file a reply and appointment of counsel. Doc. No. 16. On February 26, 2024, Plaintiff filed an "Opposition to Defendant's Answer to Plaintiff Amended Complaint" (the "Reply"). Doc. No. 20.

Federal Rule of Civil Procedure 7(a) permits only specified pleadings, and "a reply to an answer" is allowed only "if the court orders one." Fed. R. Civ. P. 7(a)(7); *Weddle v. Bayer AG Corp.*, No. 11-cv-00817, 2012 U.S. Dist. LEXIS 40978, at *15 (S.D. Cal. Mar. 26, 2012); *see also Ramos Oil Recyclers, Inc. v. AWIM, Inc.*, No. 07-cv-00448, 2007 U.S. Dist. LEXIS 62608, at *10 (E.D. Cal. Aug. 15, 2007) ("no responsive pleading is permitted to an affirmative defense"). Here, the Court did not order a reply to Defendants' Answer, nor did Plaintiff seek such an order. Accordingly, no deadline or court order exists authorizing Plaintiff to file a reply to Defendants' answer.

Nevertheless, Plaintiff filed a Reply to Defendants' Answer. Doc. No. 20. Although not authorized, Plaintiff's Reply will remain on the docket. Plaintiff is advised that any further non-compliant documents may be stricken from the record. Furthermore, given Plaintiff's filing of the Reply, Plaintiff's motion for an extension of time to file a reply is **DENIED AS MOOT**.

## III.   REQUESTS FOR APPOINTMENT OF COUNSEL

Plaintiff previously filed a Motion to Appoint Counsel on August 30, 2023, which the Court denied without prejudice on October 23, 2023. Doc. Nos. 8 and 10. Thereafter,

Defendants filed an Answer and the Court set an Early Neutral Evaluation Conference ("ENE") and Case Management Conference ("CMC") for March 22, 2024 (the "ENE/CMC Notice and Order"). *See* Doc. Nos. 14, 15. Based on these events, Plaintiff again seeks appointment of counsel. Doc. Nos. 16, 19.

### A.  Legal Standard

There is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And while 28 U.S.C. § 1915(e)(1) gives the Court discretion to "request" that an attorney represent an indigent civil litigant, this discretion may be exercised only in "exceptional circumstances." *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court to "consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015) (quoting *Palmer*, 560 F.3d at 970). "[Neither] of these factors is dispositive; rather they must be considered cumulatively." *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (citing *Palmer*, 560 F.3d at 970). Moreover, while a plaintiff "may face challenges litigating his case pro se, it is within a district court's discretion whether to appoint counsel in a § 1983 action and whether 'exceptional circumstances' exist to do so." *Amezquita v. Hough*, No. 21-56059, 2023 U.S. App. LEXIS 15490, at *5 (9th Cir. June 21, 2023).

### B.  Discussion

#### 1.  Plaintiff's Likelihood of Success on the Merits

Plaintiff sufficiently pleaded a plausible Eighth Amendment claim based on a pre-answer screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Doc. No. 10. However, the threshold for a complaint to survive screening is "low," *see Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012), and therefore does not determine whether Plaintiff is likely to succeed on the merits of his claim.

      Here, Plaintiff offers no argument that he is likely to succeed on the merits. *See generally* Doc. Nos. 16, 19. Further, the Court finds that this case is still at a preliminary stage such that it is not clear Plaintiff is likely to succeed. And the filing of an answer and the setting of an ENE/CMC does not require a different conclusion. Both events occur at the outset of a case, before the parties have engaged in discovery and the record is fully developed. *See, e.g.*, CivLR 16.1(c) (requiring that parties appear for an ENE within 45 days of the filing of an answer); *see also Fernandez v. Duarte*, No. 22-CV-446-BAS-WVG, 2023 U.S. Dist. LEXIS 174631, at *3–4  (S.D. Cal. Sept. 28, 2023) (concluding that case was still in preliminary stages of litigation although court had set ENE/CMC). This factor does not support the appointment of counsel.

### 2. Plaintiff's Ability to Articulate His Claims

      Next, Plaintiff has repeatedly demonstrated the ability to articulate his claims considering the complexity of the legal issues presented. For instance, in response to a court order, Plaintiff drafted and timely filed an amended complaint that survived pre-answer screening. Doc. Nos. 5, 7. He subsequently filed a Reply to Defendants' Answer, rebutting each of Defendants' affirmative defenses with legal and factual arguments. Doc. No. 20; *see also Terrell,* 935 F.2d at 1017 (plaintiff "demonstrated sufficient writing ability and legal knowledge to articulate his claim").

      Moreover, while Plaintiff suggests that he is required to have counsel present at the ENE/CMC, *see* Doc. No. 19 at 3, the opposite is true. Plaintiff may represent himself at the ENE/CMC, and the Court's ENE/CMC Notice and Order expressly contemplates such a situation. *See* Doc. No. 15 at 2, n.1 ("references to 'counsel' or 'attorney(s)' include any party appearing pro se"). Additionally, while the parties must submit ENE statements, as stated by Plaintiff, it is evident that he understands the need to prepare such a statement and, in fact, states that he is "working on [his] arguments against the defense arguments." Doc. No. 19 at 3. Furthermore, the Court gave the parties instructions concerning the required contents of the ENE Statement, and thus Plaintiff knows the information to include in his ENE Statement. *See* Doc. No. 15 at 5–6.

In short, Plaintiff has shown that he has sufficient command of the facts of his case and the applicable law to articulate his claims given the complexity of the issues involved. The Court is not persuaded that the filing of an answer, the setting of an ENE/CMC, or the preparation of an ENE statement are factors that create exceptional circumstances. *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (explaining that the ordinary difficulties facing a pro se litigant do not constitute "exceptional factors")

Accordingly, the Court finds no "exceptional circumstances" exist at this stage of the proceedings that warrant the appointment of counsel. *See Cano*, 739 F.3d at 1218-1219.

### IV.   CONCLUSION

Based on the foregoing, the Court **DENIES AS MOOT** Plaintiff's request for an extension of time to reply to Defendants' Answer. *See* Doc. No. 16. Further, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's requests for appointment of counsel. Doc. Nos. 16, 19. Plaintiff may renew this motion later in the proceedings only if exceptional circumstances—circumstances not set forth in Plaintiff's first three motions—warrant the appointment of counsel.

**IT IS SO ORDERED**.

Dated:  March 15, 2024

Honorable Valerie E. Torres
United States Magistrate Judge